# UNITED STATES DISTICT COURT OF INDIANA
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation, as subrogee of Randall W. and Dorothy S. Sencaj and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, as subrogee of Randall W. and Dorothy S. Sencaj,<br><br>    Plaintiffs,<br><br>    v.<br><br>TESLA, INC., formerly known as Tesla Motors, Inc., a Delaware Corporation,<br><br>    Defendant. | <br><br><br><br><br><br><br><br><br><br><br>Case No. 2022-cv-00342<br><br>JURY DEMAND |

## COMPLAINT

Plaintiffs STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Randall W. and Dorothy S. Sencaj and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of Randall W. and Dorothy S. Sencaj (hereinafter collectively referred to as "STATE FARM"), complain of Defendant TESLA, INC., formerly known as Tesla Motors, Inc., a Delaware Corporation ("TESLA") and for its complaint, alleges the following:

### The Parties

1. STATE FARM is a corporation organized under the laws of Illinois with its principal place of business within Bloomington, Illinois.

2. At all relevant times, STATE FARM was engaged in the business of issuing insurance policies for homes and automobiles located throughout the United States, including the State of Indiana.

3. Upon information and belief, at all relevant times, Defendant Tesla was a corporation organized under the laws of Delaware, with its current principal place of business in Austin, Texas.

4. At all relevant times, Defendant Tesla was engaged in the business of designing, manufacturing, distributing, marketing and selling electric automobiles.

5. At all relevant times, Defendant Tesla distributed, marketed and sold its automobiles throughout the United States, including Indiana, using a network of Authorized or Certified Dealerships.

6. At all times relevant, Randall W. and Dorothy S. Sencaj (hereinafter collectively referred to as the "the Sencaj Family") were the owners of real and personal property located at 10730 Torrey Pines Circle, Carmel, Indiana 46032 (hereinafter referred to as "the Sencaj residence").

7. At all relevant times, STATE FARM issued a policy of insurance to the Sencaj Family, which provided indemnification and reimbursement for fire related damage to the Sencaj residence and its contents, the vehicles, as well as additional living expenses incurred by the Sencaj family in the event of fire related damage to the Sencaj residence.

8. At all relevant times, the Sencaj Family owned a 2016 Tesla Model S bearing vehicle identification number 5YJSA1E20GF126263 (hereinafter referred to as "the Tesla").

9. At all relevant times, the Tesla was located within the attached garage of the Sencaj residence.

**Jurisdiction and Venue**

10. Jurisdiction is proper within the federal court system pursuant to 28 U.S.C 1332 based upon diversity of citizenship. An actual controversy of a justiciable nature exists between

STATE FARM and the Defendant.  Plaintiff and Defendant are fully diverse as they have neither their places of incorporation nor principal place of business in common.  STATE FARM is an Illinois Corporation with its principal place of business within Illinois.  Tesla is a Delaware Corporation with its principal place of business in Texas.  Tesla's prior principal place of business at the time of the sale of the vehicle was in California. The amount in controversy exceeds $75,000.00.

11. This court has personal jurisdiction over Tesla as it knowingly distributes products to the State of Indiana for purchase by consumers in Indiana, purposefully availing itself to the laws of Indiana.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendant is subject to personal jurisdiction in this judicial district, and because a substantial part of the events and activities giving rise to STATE FARM's claims occurred in this judicial district.  The events giving rise to the litigation took place in Hamilton County, Indiana.  The property at issue is located in Carmel, Indiana, within Hamilton County part of the Southern District of Indiana, the Indianapolis Division of the Court.

### Background and Sale of the Tesla

13. Upon information and belief, Defendant Tesla manufactured, designed, assembled, tested, inspected, distributed and marketed the Tesla.

14. Upon information and belief, in 2016, Defendant Tesla placed the Tesla into the stream of commerce with the purpose, expectation and intent the Tesla would reach consumers, in that condition.

15. At the time of sale, the Tesla was in new condition.

3

**The Fire**

16. From the time of purchase, the Sencaj Family used the Tesla vehicle for the normal and ordinary purpose of transportation.

17. Upon information and belief, the Sencaj family maintained the Tesla pursuant to Defendant Tesla's maintenance and service recommendations and all such service was performed by Tesla.

18. On February 17, 2020, a fire erupted from the Tesla and spread to the Sencaj residence as well as the personal property located within the Sencaj residence. (hereinafter referred to as "the Fire").

19. The day of the Fire, the Sencaj family drove the Tesla to complete various errands. They returned to the home and parked the Tesla in the attached garage, plugging it in to the electric charger. That evening, the Tesla was parked and charging in the attached garage and while the Sencaj family was watching television, they began to observe smoke and flames emanating from the garage.

20. Investigation into the origin and cause of the Fire by STATE FARM, and experts retained to investigate on its behalf, revealed the Fire originated at the Tesla and was caused by a defective condition of the vehicle, which was present when the vehicle was placed into the stream of commerce by Defendant Tesla.

21. The Tesla battery is comprised of thousands of 18650 lithium-ion cells to produce a 400 Volt DC High Voltage Battery (hereinafter "High Voltage Battery"). The vehicle design placed the High Voltage Battery under the floor pan, and throughout the entire floor of the passenger compartment.

22. The 1300-pound high voltage battery is connected to the electrical system through multiple high voltage cables.

23. Due to a defect in design or manufacture, upon information and belief, the Tesla vehicle's electrical system failed, causing an electrical condition which ignited combustibles and resulted in the Fire.

### State Farm's Subrogation Rights

24. In connection with the Fire, pursuant to the terms and conditions of the insurance policy, the Sencaj Family submitted claims to STATE FARM seeking indemnification and reimbursement for fire damage to the Sencaj residence and its contents, as well as fire damage to the vehicles.

25. In connection with the Fire, pursuant to the terms and conditions of the insurance policy, STATE FARM was obligated to and did, in fact, pay approximately $1,271,702.26 to or on behalf of the Sencaj Family for fire related damage to the Sencaj residence and its contents, additional living expenses incurred by the Sencaj family, and fire damage to the vehicles.

26. Pursuant to the terms and conditions of the insurance policy and by virtue of its payments to the Sencaj Family, STATE FARM is subrogated to all rights, claims and causes of action the Sencaj Family may have against Defendant in connection with the Fire.

### COUNT I
### Negligence

27. Plaintiff incorporates by reference the allegations contained m paragraphs 1 through 26 of this Complaint, as if fully set forth in this Count I.

28. At all times relevant, Defendant Tesla owed the Sencaj Family a duty to exercise reasonable skill and care in designing, manufacturing, assembling, testing, inspecting, distributing and selling the Tesla.

5

29. Notwithstanding this duty, and in breach thereof, Defendant Tesla, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

   (a) The Tesla's electrical system and/or its component parts were defective in their design in that the Tesla's electrical system did not perform safely, but instead failed;

   (b) The Tesla's electrical system was defectively designed because the risks of significant fire damage to consumers' properties outweigh any potential benefits derived from the Tesla's electrical system design;

   (c) The Tesla's electrical system was defectively designed because it was unsafe to an extent beyond that which would be contemplated by an ordinary user;

   (d) The Tesla's electrical system and/or its component parts contained manufacturing defects in that the Tesla's electrical system differed from the manufacturer's design or specifications or from typical units of the same product line;

   (e) Tesla failed to adequately warn consumers of possible hazards associated with the Tesla vehicle's electrical system;

   (f) Tesla failed to instruct and inform consumers of the proper use of the vehicle and dangers with the associated electrical system;

   (g) The Tesla electrical system and/or its component parts were designed, manufactured, and/or assembled without proper testing;

   (h) The Tesla's electrical system was defective in that it caught fire for no apparent reason during its normal use;

   (i) The Tesla's electrical system was improperly manufactured in such a way as to improperly regulate current traveling through lithium-ion battery cells;

   (j) The Tesla's electrical system was designed, manufactured and assembled with improper materials and improper electrical components;

   (k) The Tesla's electrical system was designed and manufactured so as to be unable to regulate the battery cells conditions;

6

  (l) The Tesla's electrical system contained an improper monitoring system to warn consumers of deficiencies within the electrical system to prevent a fire; and/or

  (m) Was otherwise negligent in the design, manufacture, testing and inspection of the Tesla.

30. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of Defendant Tesla, a significant electrical event occurred. The electrical arcing event quickly ignited readily available combustibles within the Tesla, creating a dangerous fire.

31. The fire damaged or destroyed the Tesla and spread to the Sencaj residence and other vehicles where it caused significant damage to the Sencaj residence and its personal property contents.

WHEREFORE, STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Randall W. and Dorothy S. Sencaj and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of Randall W. and Dorothy S. Sencaj request that judgement in the amount of $1,271,702.26 be entered in their favor, and against Defendant Tesla and for such other or further relief as this Court deems equitable and just.

## COUNT II
### Strict Product Liability

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint, as if fully set forth in this Count II.

33. Upon information and belief, the Tesla was defective and unreasonably dangerous when it left Defendant Tesla's control and was placed into the stream of commerce.

34. Upon information and belief, after the Tesla was placed into the stream of commerce by Defendant, there was no substantial change in the condition.

35. At all relevant times, the Sencaj Family used the Tesla for its reasonably foreseeable and intended purpose of transportation.

36. When the Tesla left Defendant Tesla's control and was placed into the stream of commerce, it was unreasonably dangerous and defective, in light of its foreseeable and intended use, in one or more of the following ways:

(a) The Tesla's electrical system and/or its component parts were defective in its design in that the Tesla's electrical system did not perform safely, but rather failed;

(b) The Tesla's electrical system was defectively designed because the risks of significant fire damage to consumers' properties outweigh any potential benefits derived from the Tesla vehicle's design;

(c) The Tesla's electrical system was defectively designed because it was unsafe to an extent beyond that which would be contemplated by an ordinary user;

(d) The Tesla's electrical system and/or its component parts contained manufacturing defects in that the Tesla's electrical system differed from the manufacturer's design or specifications or from typical units of the same product line;

(e) The Tesla vehicle failed to contain adequate warnings for consumers to be aware of possible hazards of the electrical system;

(f) The Tesla vehicle failed to contain adequate instructions and warnings for proper usage and dangers of the electrical system;

(g) The Tesla's electrical system and/or its component parts were designed, manufactured, and/or assembled without proper testing;

(h) The Tesla's electrical system was defective in that it caught fire for no apparent reason during its normal use;

(i) The Tesla's electrical system was improperly manufactured in such a way as to improperly regulate current traveling through lithium-ion battery cells;

(j) The Tesla's electrical system was designed, manufactured and assembled with improper materials and improper electrical components;

  (k) The Tesla's electrical system was designed and manufactured so as to be unable to regulate the battery cells conditions; and/or

  (l) Was otherwise unreasonably dangerous.

 37. As a direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of the Tesla, an electrical malfunction occurred within the vehicle, causing an electrical arcing event. The electrical arcing event quickly ignited readily available combustibles within the Tesla's engine compartment, creating a dangerous fire.

 38. The fire damaged or destroyed the Tesla, and spread to the Sencaj residence and two other vehicles where it caused significant damage to the Sencaj residence and its personal property contents.

 WHEREFORE, STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Randall W. and Dorothy S. Sencaj and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of Randall W. and Dorothy S. Sencaj request that judgment in the amount of $1,271,702.26 be entered in their favor, and against Defendant Tesla and for such other or further relief as this Court deems equitable and just.

       Respectfully Submitted,

       STATE FARM FIRE AND CASUALTY
       COMPANY and STATE FARM MUTUAL
       AUTOMOBILE INSURANCE COMPANY

       By: */s/ Brad M. Gordon*

Brad M. Gordon (21913-45)
GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP
311 South Wacker Drive, Suite 1500
Chicago, IL 60606
Telephone: (312) 551-0200
Facsimile: (312) 601-2402
Email: bgordon@ghlaw-llp.com