UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation, as subrogee of Randall W. and Dorothy S. Sencaj and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, as subrogee of Randall W. and Dorothy S. Sencaj, <br><br>       Plaintiffs, <br><br>              v. <br><br> TESLA, INC., <br><br>       Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:22-cv-00342-SEB-MJD |

**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND**

Defendant Tesla, Inc. ("Tesla"), by its attorneys, Bowman and Brooke LLP, answers Plaintiffs' Complaint and asserts its affirmative defenses as follows:

**ANSWER**

1.   Tesla neither admits nor denies the allegations in paragraph one because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph one.

2.   Tesla neither admits nor denies the allegations in paragraph two because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph two.

3.   Tesla admits the allegations in paragraph three.

4. Tesla admits it was engaged in the business of designing in part, manufacturing in part, distributing, marketing, and selling electric automobiles as alleged in paragraph four.

5. Tesla admits only that it distributed, marketed, and sold its automobiles in the State of Indiana but otherwise denies the remaining allegations in paragraph five as stated as untrue.

6. Tesla neither admits nor denies the allegations in paragraph six because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph six.

7. Tesla neither admits nor denies the allegations in paragraph seven because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph seven.

8. Tesla admits only that it sold the subject 2016 Tesla Model S bearing vehicle identification number 5YJSA1E20GF126263 ("the Tesla") to Randall W. Sencaj. Tesla neither admits nor denies the allegations that Randall W. and Dorothy S. Sencaj owned the Tesla "at all relevant times" as alleged in paragraph eight because it lacks sufficient knowledge or information to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph eight.

9. Tesla neither admits nor denies the allegations in paragraph nine because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph 9.

10. Tesla neither admits nor denies the allegations in paragraph ten because they call for legal conclusions in response to which no answer is required. To the extent an answer is required, Tesla does not contest jurisdiction in this Court in this specific case.

11. Tesla neither admits nor denies the allegations in paragraph eleven because they call for legal conclusions in response to which no answer is required. To the extent an answer is required, Tesla does not contest jurisdiction in this Court in this specific case.

12. Tesla neither admits nor denies the allegations in paragraph twelve because they call for legal conclusions in response to which no answer is required. To the extent an answer is required, Tesla neither admits nor denies that the events giving rise to the litigation took place in Hamilton County, Indiana because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Tesla admits only that the subject real property (the "Sencaj residence" as defined in Plaintiffs' Complaint) is located in Hamilton County, within the counties served by Southern District of Indiana, Indianapolis Division of this Court. Answering further, Tesla does not contest venue in this Court in this specific case.

13. Tesla admits only that it manufactured in part, designed in part, assembled in part, tested in part, inspected in part, distributed, and marketed the Tesla and/or its components but otherwise denies the allegations in paragraph thirteen.

14. Tesla neither admits nor denies the allegations in paragraph fourteen because they call for legal conclusions in response to which no answer is required. To the extent an answer is required, Tesla denies the allegations in paragraph fourteen as stated vaguely and ambiguously, specifically due to the lack of a definition or context of the phrase "in that condition."

15. Tesla admits only that the Tesla was sold as a "new" vehicle; however, Tesla otherwise denies the allegations in paragraph fifteen as the Tesla was sold to Mr. Sencaj at a discounted price based on prior use as a "service/demo" vehicle with approximately 255 miles on the odometer at the time of sale.

16. Tesla neither admits nor denies the allegations in paragraph sixteen because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph sixteen.

17. Tesla neither admits nor denies the allegations in paragraph seventeen because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph seventeen.

18. Tesla denies the allegations in paragraph eighteen as untrue.

19. Tesla neither admits nor denies the allegations in paragraph nineteen because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Answering further, Tesla denies any implication alleged in paragraph nineteen that the fire was in any way caused by, or originated from, the Tesla. To the extent a further response is required, Tesla denies the allegations in paragraph nineteen in their entirety.

20. Tesla denies the allegations in paragraph twenty as untrue.

21. Tesla admits only that the 2016 Tesla Model S at issue in this litigation is an electric vehicle equipped with a floor-mounted 400-volt lithium-ion high voltage battery pack consisting of 7,104 individual 18650 lithium-ion cells and various other components. Tesla denies the remaining allegations in paragraph twenty-one.

22. Tesla admits only that the Tesla contains a high voltage battery pack consisting of 7,104 individual 18650 lithium-ion cells and various other components, including High Voltage Cables. Tesla denies the remaining allegations in paragraph twenty-two.

23. Tesla denies the allegations in paragraph twenty-three as untrue.

24. Tesla neither admits nor denies the allegations in paragraph twenty-four because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph twenty-four.

25. Tesla neither admits nor denies the allegations in paragraph twenty-five because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph twenty-five.

26. Tesla neither admits nor denies the allegations in paragraph twenty-six because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph twenty-six.

## COUNT I

27. Tesla asserts that this paragraph violates Fed. R. Civ. P. 8(a) because it incorporates twenty-six paragraphs into the subsequent paragraphs. The allegations in this paragraph, therefore, are not "short and plain statement[s]." However, to the extent an answer is required, Tesla denies the allegations in paragraph twenty-seven as vague and ambiguous. Further, Tesla incorporates by reference its responses to the allegations contained in paragraphs one through twenty-six as if fully set forth herein.

28. Tesla neither admits nor denies the allegations in paragraph twenty-eight because they call for legal conclusions in response to which no answer is required. To the extent an answer is required, Tesla admits only that any applicable duties are set forth under applicable law. Answering further, Tesla denies that it breached any duty under Indiana law or any applicable law. To the extent a further response is required, Tesla denies the allegations in paragraph twenty-eight in their entirety.

29. Tesla denies the allegations in paragraph twenty-nine, including each and every subpart (a) through (m), as untrue.

30. Tesla denies the allegations in paragraph thirty as untrue.

31. Tesla denies the allegations in paragraph thirty-one as untrue.

WHEREFORE, Defendant Tesla, Inc. respectfully requests this Honorable Court enter an Order dismissing Plaintiffs' Complaint with prejudice in its entirety and against Plaintiffs for any other relief this Court deems just and equitable.

## COUNT II

32. Tesla asserts that this paragraph violates Fed. R. Civ. P. 8(a) because it incorporates twenty-six paragraphs into the subsequent paragraphs. The allegations in this paragraph, therefore, are not "short and plain statement[s]." However, to the extent an answer is required, Tesla denies the allegations in paragraph thirty-two. Further, Tesla incorporates by reference its responses to the allegations contained in paragraphs one through thirty-one as if fully set forth herein.

33. Tesla denies the allegations in paragraph thirty-three as untrue.

34. Tesla neither admits nor denies the allegations in paragraph thirty-four because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph thirty-four.

35. Tesla neither admits nor denies the allegations in paragraph thirty-five because they call for legal conclusions in response to which no answer is required. To the extent an answer is required, Tesla neither admits nor denies the allegations in paragraph thirty-five because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Tesla denies the allegations in paragraph thirty-five in their entirety.

36. Tesla denies the allegations in paragraph thirty-six, including each and every subpart (a) through (l), as untrue.

37. Tesla denies the allegations in paragraph thirty-seven as untrue.

38. Tesla denies the allegations as stated in paragraph thirty-eight as untrue.

WHEREFORE, Defendant Tesla, Inc. respectfully requests this Honorable Court enter an Order dismissing Plaintiffs' Complaint with prejudice in its entirety and against Plaintiffs for any other relief this Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

Tesla, for its Affirmative Defenses, states as follows:

1. That Plaintiffs' Complaint and all counts thereof fail to state a claim upon which relief can be granted and, thus, Tesla moves for a Judgment of Dismissal in its favor as a matter of law.

2. Plaintiffs' claims may be barred in whole, or in part, by the applicable statute of limitations for these claims.

3. To the extent Plaintiffs or their Subrogors failed to properly preserve any product that potentially caused their alleged damages, Plaintiffs or their Subrogors may have spoliated evidence in a way that substantially and unfairly prejudices Tesla's ability to investigate and defend itself against Plaintiffs' claims, entitling Tesla to all available remedies under applicable evidentiary rules, including but not limited to dismissal with prejudice, or an adverse inference jury instruction.

4. There may be a lack of joinder of one or more indispensable parties who should and must be joined and without joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

5. That the Tesla was not and is not defective or unreasonably dangerous in any manner, and the condition of the Tesla did not cause or contribute to cause Plaintiffs' damages as alleged in their Complaint.

6. That all damages allegedly sustained by Plaintiffs is attributable to a cause or causes other than the condition of the Tesla, including, but not limited to, negligent operation, abuse, improper maintenance, misuse, intervening causes by other objects, and other sources of ignition.

7. That the Tesla was designed, manufactured, and sold in accordance with the state-of-the-art and in compliance with and in conformance to administrative, industry, regulatory, or statutory codes, standards, specifications, or schemes approved by the United States or Indiana, or agencies thereof, that were applicable to the Tesla at the time of its manufacture and sale, and, accordingly, Plaintiffs' state law claims are barred under the doctrine of federal preemption.

8. That the Tesla may not be in the same or substantially the same condition as when it left Tesla's control.

9. That Plaintiffs' claims may be barred in whole or in part on equitable grounds, including laches, waiver, and estoppel.

10. That the damages allegedly sustained by Plaintiffs may have been caused or contributed to by the acts, omissions, or fault of Plaintiffs or their Subrogors, including contributory negligence, contributory fault, comparative fault, assumption of the risks, misuse or abuse, modification, alteration, failure to mitigate damages, contribution, or any other fault pursuant to applicable law and that such acts, omissions or fault, to any degree, completely bar recovery by Plaintiffs. Further, Plaintiffs or their Subrogors' aforementioned causes or contributions to the subject incident and alleged damages by their acts, omissions, or faults applies to any and all products contained within the garage, appurtenances, fixtures, electrical wiring,

structures, or other objects including, but not limited to, the Tesla, other vehicles in the garage, electrical paneling, appliances such as a freezer, items stored in the garage over the vehicles, garage door openers, and any other products or items that may become discovered as the investigation continues.

11. That the damages allegedly sustained by Plaintiffs were caused or contributed to by the acts, omissions, or fault of a non-party or third-party that Tesla did not and does not control.

12. Plaintiffs' claims and alleged damages may be barred in whole or in party by the Economic Loss Doctrine.

13. That no additional warnings would have or could have prevented the alleged incident, loss, and damages alleged by Plaintiffs.

14. The damages asserted in Plaintiffs' Complaint were not the result of any defect in material or workmanship in the Tesla as described in Plaintiffs' Complaint.

15. That Plaintiffs or their Subrogors may have used improper, unauthorized, non-OEM, and/or aftermarket electrical equipment to charge the Tesla.

16. That Plaintiffs or their Subrogors may have failed to comply with local municipal building or electrical codes in installing, maintaining, and using the charger at the Sencaj residence.

17. That Plaintiffs or their Subrogors may have failed to comply with local municipal building or electrical codes in installing, maintaining, and using the electrical infrastructure at the Sencaj residence.

18. Plaintiffs' damages, if any, were caused or contributed to by Plaintiffs' Subrogors' failure to comply with the written and oral instructions relating to use of the Tesla and therefore Plaintiffs' recovery, if any, should be diminished or barred in accordance with applicable law.

19. Tesla is entitled to a set-off from any recovery against it to the extent of any and all benefits paid or payable to on behalf of the Plaintiffs or their Subrogors from any collateral sources to the extent such a set-off is permissible under applicable law.

20. While specifically denying liability for the damages alleged in Plaintiffs' Complaint, to the extent any of Plaintiffs' alleged damages have been recovered by way of reinsurance proceeds relating to the transaction or occurrence described in Plaintiffs' Complaint, Tesla is entitled to a set-off of any such amount against any potential award entered against it in this manner.

21. That Plaintiffs are barred from recovery because the purported assignment of rights to bring this suit was not supported by sufficient consideration and/or is otherwise not legally enforceable.

22. One or more of the Plaintiffs are lack standing to bring this action.

23. One or more of the Plaintiffs made a voluntary payment and they are not entitled to seek subrogation for voluntary payments under applicable law.

24. One or more of the Plaintiffs waived their alleged subrogation rights, in whole or in part, by contract or other acts or omissions under applicable law.

25. Plaintiffs' policy(ies) of insurance may not have applied to their Subrogors' loss(es), either in whole or in part; thus, any inapplicable proceeds under the policy(ies) are not recoverable.

26. Plaintiffs cannot seek subrogation for any proceeds or voluntary payments made over the agreed upon contractual limits of their allegedly applicable policy(ies) of insurance with their Subrogors; thus, any claim for damages beyond the contractual limitation of damages is barred as a matter of law.

27. Plaintiffs' alleged damages, if any, are limited to the actual cash value or market value of the allegedly damaged property at the time of the loss under applicable law.

28. Plaintiffs failed to state a subrogation claim upon which relief may be granted by not including portions of the applicable policy(ies) that Plaintiffs paid their Subrogors under and also failed to attach a copy (or copies) of the applicable policies to this action based on purported rights under a contract.

29. Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' or its Subrogors' failure to notify the proper parties of a potential claim.

30. Plaintiffs' claims are barred, in whole or in part, due to the applicable exclusions contained in the policy(ies), Plaintiffs' or its Subrogors' failure to comply with applicable conditions present in the policy(ies), or other contractual provisions present in the policy(ies), if applicable.

31. Plaintiffs' claims are barred, in whole or in part, due to the availability of other insurance policy(ies) or proceeds.

32. Plaintiffs' claims are subject to applicable laws under the appropriate and governing choice of law analysis which may limit or preclude one or more of Plaintiffs' claims and/or limit or preclude Plaintiffs' Subrogors' ability to seek coverages for damages sought under one or more applicable policy(ies).

## **RESERVATION OF RIGHTS**

Tesla reserves the right to amend its Answer to Plaintiffs' Complaint and interpose such other defenses and/or objections as may be appropriate upon completion of its investigation and discovery and throughout trial.

## **RELIANCE ON JURY DEMAND**

Tesla hereby relies upon Plaintiffs' demand for a trial by Jury.

Dated: May 2, 2022                               Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:  */s/ Matthew G. Berard*
Matthew G. Berard (#31824-49)
Thomas N. Lurie (*Pro Hac Vice*)
41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304
Telephone: 248.205.3300
Facsimile: 248.205.3399
matthew.berard@bowmanandbrooke.com
thomas.lurie@bowmanandbrooke.com

*Counsel for Tesla, Inc.*

## CERTIFICATE OF SERVICE

      I certify that on May 2, 2022, I electronically filed the foregoing document titled "Tesla, Inc.'s Answer to Plaintiffs' Complaint, Affirmative Defenses, and Reliance on Jury Demand" with the Clerk of the Court using the Court's electronic filing system, which caused all participants and counsel of record be served.

**BOWMAN AND BROOKE LLP**

By: */s/ Matthew G. Berard*
Matthew G. Berard (#31824-49)
Thomas N. Lurie (*Pro Hac Vice*)
41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304
Telephone: 248.205.3300
Facsimile: 248.205.3399
matthew.berard@bowmanandbrooke.com
thomas.lurie@bowmanandbrooke.com

*Counsel for Tesla, Inc.*